869 A.2d 434

IN THE MATTER OF BARBARA H. DUPRE', AN ATTORNEY AT LAW (ATTORNEY NO. 026231980).

March 18, 2005.

ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 04–241, concluding that **BARBARA H. DUPRE'**

of **NORTHFIELD**, who was admitted to the bar of this State in 1980, and who has been suspended from the practice of law since March 4, 2003, pursuant to Orders of this Court filed February 6, 2003, and April 27, 2004, should be suspended from the practice of law for a period of six months for violating *RPC* 1.1(a) (gross neglect), *RPC* 1.3 (lack of diligence), *RPC* 1.4(a) (failure to communicate), *RPC* 1.5(b) (failure to prepare a written fee agreement), *RPC* 1.16(d) (failure to protect client's interests on termination of representation), *RPC* 5.5(a) (practicing law while suspended), *RPC* 8.1(b) (failure to cooperate with ethics authorities), *RPC* 8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation), and *RPC* 8.4(d) (conduct prejudicial to the administration of justice);

And the Disciplinary Review Board having concluded that prior to reinstatement to practice, respondent should be required to demonstrate that she is fit to practice and to submit proof that she has satisfied the fee arbitration determination in I–02–023F, and has paid the sanction of $500.00 to the Disciplinary Oversight Committee, as ordered by the Court on February 6, 2003;

And **BARBARA H. DUPRE'** having been ordered to show cause why she should not be disbarred or otherwise disciplined and having failed to appear on the return date of the Order to Show Cause;

And the Court having determined from its review of the matter that a five-year suspension from practice is the appropriate discipline to be imposed for respondent's unethical conduct;

And good cause appearing;

IT is ORDERED that **BARBARA H. DUPRE'** is suspended from the practice of law for a period of five years and until the further Order of the Court, retroactive to March 4, 2003; and it is further

ORDERED that prior to filing a petition for reinstatement to practice, respondent shall submit proof that she has complied with the Court's Order of February 6, 2003, by paying $600.00 to

4

Christopher Pate and a sanction of $500.00 to the Disciplinary Oversight Committee; and it is further

ORDERED that prior to filing a petition for reinstatement to practice, respondent shall submit to the Court an acceptable explanation for her defaults in the ethics proceedings; and it is further

ORDERED that prior to reinstatement to practice, respondent shall submit proof that she is fit to practice law as attested to by a mental health professional approved by the Office of Attorney Ethics; and it is further

ORDERED that respondent continue to comply with *Rule* 1:20–20 and that she continue to be restrained and enjoined from practicing law while she remains suspended; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs incurred in the prosecution of this matter.